UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-20981-CIV-MARTINEZ

ENERGY ENHANCEMENT SYSTEM, LLC, *et al.*,

    Plaintiffs,

vs.

JASON SHURKA, *et al.*,

    Defendants.
_____/

## **ORDER GRANTING MOTION TO REMAND**

**THIS CAUSE** came before the Court upon Plaintiffs' Expedited Motion to Remand (the "Motion), (ECF No. 8). This Court has reviewed the Motion, Defendant Jason Shurka's Response, (ECF No. 14), Plaintiffs' Reply, (ECF No. 21), pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED** for the reasons set forth herein.

Plaintiffs initially filed this action on January 16, 2025, in Clark County, Nevada. (Compl., ECF No. 1-2). On March 3, 2025, Defendant Shurka removed this matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446. (Notice of Removal ("Notice"), ECF No. 1).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a).

A defendant bears the burden of proving federal jurisdiction on removal. *E.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors*, 552 F.3d at 1294. Federal courts must construe removal statutes strictly as removal jurisdiction "raises significant federalism concerns[;]" accordingly, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). When addressing a motion to remand for lack of complete diversity, a court must determine whether the parties' citizenships are completely diverse at the time of removal. *See e.g., McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).

Plaintiffs first seek to remand because Plaintiffs are Nevada citizens and Defendant Religa is a Nevada citizen, therefore divesting this Court of subject-matter due to no diversity of citizenship. (Mot. at 7–8). Defendant Shurka in response attached an affidavit from Robert Gaudet who claims, without any supporting evidence, to be Defendant Religa's Power of Attorney and that Religa is not a Nevada "resident." (Resp. at 2–3). However, as Plaintiffs note, "[t]he affidavit's statements are not based upon Gaudet's personal knowledge (including regarding Religa's citizenship, as opposed to residence). The affidavit does not identify Religa's domicile or address. And the affidavit does not even state any factual or evidentiary basis for Gaudet's representations regarding Religa's residence." (Reply at 2). Because there remains a genuine question as to Religa's citizenship, remand is warranted. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal

courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citations omitted).

Next, Plaintiffs seek to remand based on Shurka's defective removal. (Mot. at 8–12). First, Shurka improperly removed the case to the wrong district. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.S. § 1441(a). Shurka removed the Nevada Action from the Nevada Court directly to the Southern District of Florida. However, this district is not the "district court of the United States for the district and division embracing the place where such action is pending," as specifically required by 28 U.S.C. § 1441(a). Second, Shurka failed to attach the pleadings and orders in the Nevada Action as required by 28 U.S.C. § 1446(a). Third, Shurka failed to obtain the approval or consent of all defendants in the Nevada Action from which the suit was removed as required by 28 U.S.C. § 1446(b)(2)(A). Fourth, Shurka failed to provide a short and plain statement of the basis for his removal. 28 U.S.C. § 1441(a) requires that a defendant provide a "a short and plain statement of the grounds for removal. Although Shurka lists diversity jurisdiction and federal-question jurisdiction as grounds for removal, Shurka fails to state how this case meets the diversity requirements.

Lastly, Plaintiffs seeks attorneys' fees and costs for litigating this removal. (Mot. at 13–14). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "In applying the general rule of reasonableness, district courts retain discretion to consider whether unusual circumstances warrant a departure in a given case." *Id.* In

this case, Defendant Shurka had no reasonable basis to remove a case originally filed in Nevada to the Southern District of Florida. *See Rae v. Perry*, 392 F. App'x 753, 755–56 (11th Cir. 2010) (finding that the district court did not abuse its discretion in determining that the defendant lacked an objectively reasonable basis for removal and thus in assessing defendant with attorneys' fees pursuant to 28 U.S.C. § 1447(c)). Moreover, Defendant Shurka did not respond to Plaintiffs' claim for attorneys' fees and therefore Plaintiffs' arguments are deemed admitted. *See Jones v. Bank of Am., NA.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Remand, (ECF No. 8), is **GRANTED**. This case is **REMANDED** to the Eighth Judicial District Court in Clark County, Nevada.

2. Plaintiffs' request for attorney's fees is **GRANTED**. The Court shall retain jurisdiction regarding attorneys' fees and costs incurred in responding to the Notice of Removal. Within ten (10) days from the date of this Order, Plaintiffs **SHALL** file a memorandum with supporting affidavit(s) detailing its attorneys' fees and costs incurred in responding to the Notice of Removal.

3. The Clerk of Court is **DIRECTED** to deny all pending motions as moot, and to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28 day of March 2025.

Copies provided to:
All Counsel of Record

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE