UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-20981-CIV-MARTINEZ

ENERGY ENHANCEMENT SYSTEM, LLC,
MICHAEL BERTOLACINI,
DR. SANDRA ROSE MICHAEL, DNM,

    Plaintiffs,

v.

JASON SHURKA, UNIFYD WORLD, INC.,
UNIFYD Healing; UNIFYD TV; ROBERT
RELIGA, DOES I-X; and ROE CORPORATIONS
XI-XX,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** came before the Court upon Defendant Jason Shurka's Motion for Reconsideration ("Motion"), (ECF No. 27). Having reviewed the Motion, Plaintiffs' Response, (ECF No. 29), and pertinent portions of the record, the Court **DENIES** the Motion.

Plaintiffs originally filed this action in Clark County, Nevada, on January 16, 2025. On March 3, 2025, Defendant Shurka removed this matter to the Southern District of Florida based on federal diversity jurisdiction. (ECF No. 1). On March 28, 2025, this Court remanded the case to Clark County, Nevada. (ECF No. 22). Defendant subsequently filed the instant Motion for Reconsideration.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d

1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x. 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations adopted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Oscar v. United States*, No. 18-21368-CIV, 2018 WL 3946475, at *1 (S.D. Fla. Aug. 16, 2018).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Section 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks and citation omitted). Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir.1999)

("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case."); *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988) ("[Section 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court."). As such, the Court is barred from reconsideration of its ruling on federal question jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, (ECF No. 27), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24 of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Jason Shurka, *pro se*