UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-20981-CIV-MARTINEZ

ENERGY ENHANCEMENT SYSTEM, LLC,
MICHAEL BERTOLACINI,
DR. SANDRA ROSE MICHAEL, DNM,

    Plaintiffs,

v.

JASON SHURKA, UNIFYD WORLD, INC.,
UNIFYD Healing; UNIFYD TV; ROBERT
RELIGA, DOES I-X; and ROE CORPORATIONS
XI-XX,

    Defendants.
_____/

## ORDER DENYING MOTION FOR REMITTITUR OF ATTORNEY'S FEES

**THIS CAUSE** came before the Court upon Defendant Jason Shurka's Motion for Remittitur of Attorney Fees ("Motion"), (ECF No. 28). Having reviewed the Motion, Plaintiffs' Response, (ECF No. 30), and pertinent portions of the record, the Court **DENIES** the Motion.

Plaintiffs originally filed this action in Clark County, Nevada, on January 16, 2025. On March 3, 2025, Defendant Shurka removed this matter to the Southern District of Florida based on federal diversity jurisdiction. (ECF No. 1). On March 28, 2025, this Court remanded the case to Clark County, Nevada and granted Plaintiffs' request for attorney's fees because there was no objectively reasonable basis for the removal. (ECF No. 22). Plaintiffs subsequently filed their Motion for Attorney's Fees, (ECF No. 25), and Defendant Shurka then filed the instant Motion for Remittitur of Attorney Fees.

"'Remittitur' is the procedural process by which an excessive verdict of the jury is

reduced." *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995), *aff'd sub nom. Moses v. K-Mart Corp., Inc.*, 119 F.3d 10 (11th Cir. 1997) (citing *Black's Law Dictionary* 1295 (6th ed. 1990)). Remittitur is inapplicable here as there has been no jury trial or verdict and no award of damages on the merits subject to the remittitur rule of Federal Rule of Civil Procedure 59.

Furthermore, because Defendant Shurka is not challenging the amount of fees requested by Plaintiffs, but rather is challenging Plaintiffs' entitlement to fees, the Motion is essentially asking the Court to reconsider its Order Granting Motion to Remand in which the Court granted Plaintiffs' request for attorney's fees.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x. 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations adopted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Oscar v. United States*, No. 18-21368-CIV, 2018 WL 3946475, at *1 (S.D. Fla. Aug. 16, 2018).

Here, Defendant Shurka fails to meet the legal standard for reconsideration. The Motion

for Reconsideration does not demonstrate a change in the law or clear error and does not present newly discovered evidence that would justify a reconsideration. Instead, the Motion makes unsupported arguments of fraud on the court.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, (ECF No. 28), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24 of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Jason Shurka, *pro se*